Filed 7/16/24  P. v. Wilson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E082671 |
| v. | (Super.Ct.No. FWV1102433) |
| CHRIS WILSON, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Sharon G. Wrubel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Chris Wilson appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1172.6.[1] For the reasons set forth *post*, we dismiss the appeal.

STATEMENT OF THE CASE

Among other offenses, an amended information filed on October 1, 2012, charged defendant and his codefendant, Napoleon Dajon Phipps, with committing the September 2011 premeditated first degree murder of Anthony Junius. (§ 187, subd. (a); count 6.) Two special circumstances allegations included discharging a firearm from a motor vehicle (§ 190.2, subd. (a)(21)) and committing the murder as an active gang participant who intentionally killed the victim to further the gang's activities (§ 190.2, subd. (a)(22)). Further allegations attached to count 6 included that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that a principal personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (d), (e)(1)).

A jury found defendant guilty on all counts including first degree murder "as charged in Count VI of the Information." The jury found both special circumstance allegations true on count 6, as well as the gang and firearm allegations. The trial court sentenced defendant to life without the possibility of parole on count 6 and substantial time on the other counts.

---

[1] All further statutory references are to the Penal Code.

Defendant appealed and, among other holdings in an unpublished opinion, this court upheld his conviction on count 6 and reversed his convictions on count 5 (shooting at an occupied motor vehicle, § 246) for instructional error and on count 7 (attempted murder of another victim, §§ 664, 187, subd. (a)) for lack of substantial evidence. (*People v. Phipps et al.* (July 9, 2019, E065254) [nonpub. opn.], as mod. July 30, 2019.) A second appeal after resentencing on remand is not relevant to defendant's present challenge. (See *People v. Phipps* (Oct. 21, 2020, E074503) [nonpub. opn.].)

In May 2023, defendant filed a form petition for resentencing that the trial court ultimately denied here. First, the trial court appointed counsel for defendant; then the prosecutor in his opposition argued defendant was ineligible for relief as a matter of law because the court's instructions at trial reflected no theory of felony murder, the natural and probable consequences doctrine as to guilt for murder or attempted murder, or any other theory of accomplice liability under which section 1172.6 might afford sentencing relief. Specifically, for example, the court's instruction on the prosecutor's two theories of first degree murder—namely, that the murder was willful, deliberate, and premeditated or that it was committed by discharging a firearm from a motor vehicle—each required that defendant personally harbored the intent to kill. (CALCRIM No. 521.)

Similarly, the prosecutor observed that with regard to the two special circumstances that were alleged, the court instructed the jury with CALCRIM No. 702, specifying that if the jury decided the defendant was not the actual killer, the jury must find that the defendant acted with intent to kill to find the special circumstance

3

allegations true. In particular, the court instructed regarding the special circumstance of committing murder by shooting a firearm from a motor vehicle that defendant must have intended to kill at the time of the shooting. The court also instructed with respect to the special circumstance of killing by a street gang member that defendant must have "intentionally killed Anthony Junius."

The court gave no instructions on felony murder. The court instructed the jury regarding the requirements for direct aiding and abetting liability, including that the defendant knew the perpetrator intended to commit the crime and intended to aid and abet the perpetrator in committing that crime. (CALCRIM No. 401.)

The court instructed the jury on a theory of aiding and abetting under the natural and probable consequences doctrine (CALCRIM No. 402), but only with respect to shooting at an occupied motor vehicle (count 5) as the ultimate crime arising from commission of target offenses of murder (count 6) or attempted murder (count 7). The court also specified in limitation on this theory that: "You must first decide whether the defendant is guilty of Count 6 Murder and/or Count 7 Attempted Murder. If you find the defendant is guilty of either of these crimes, you must then decide whether he *is guilty of Count 5 Shooting at an Occupied Motor Vehicle*." (Original italics.)

The court held a hearing on defendant's petition at which defense counsel submitted on her reply, arguing simply that the theory on which the jury convicted defendant of first degree murder was unknown and suggesting the identity of the actual killer was unclear. The prosecution argued the evidence indicated codefendant Phipps

4

fired the fatal shot after defendant fired first but missed Junius and further that, based on its theory of the case, the court's instructions, and the jury's verdict, defendant was necessarily a direct aider and abettor.

The prosecutor acknowledged the instruction on the natural and probable consequences doctrine, but pointed out that it was limited to the count regarding firing at a motor vehicle, which the jury could only reach after finding defendant guilty of murder or attempted murder of another victim, neither of which was premised on accomplice liability. Additionally, with the attempted murder conviction having been voided for lack of evidence, the only issue pertinent to section 1172.6 was the murder conviction—on which no instructions were given regarding the natural and probable consequences doctrine or felony murder.

The court noted the jury's special circumstance findings required that defendant personally harbored the specific intent to kill. The court also found defendant was prosecuted as the direct aider and abettor of Junius's murder and that, as a matter of law, he was convicted of murder under that theory, which remained valid under the changes in law on which resentencing is predicated under section 1172.6.

Defendant appealed and this court appointed him counsel.

### DISCUSSION

After counsel's review of the record, counsel found no issue of arguable merit to raise regarding denial of defendant's resentencing petition, including after consultation with Appellate Defenders, Inc. Counsel summarized the background relevant to

5

defendant's appeal and, while recognizing we need not do so, requested that we independently review the record for arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232 (*Delgadillo*).) Without suggesting error, counsel identified the following issue for our consideration: whether defendant had the right "to be personally present at his prima facie hearing under . . . section 1172.6, subdivision (c), [given] he did not personally waive that right?" Counsel also advised defendant he could personally file a supplemental brief to raise an arguable issue or issues and that his appeal would "likely" be dismissed if he did not do so.

This court similarly gave defendant written notice of his opportunity to file a supplemental brief, cautioning that failure to do so "may result in the dismissal of the appeal as abandoned." Defendant did not respond. When the defendant on appeal from the denial of a section 1172.6 petition does not file a supplemental brief, the appellate court "may dismiss the appeal as abandoned." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We conclude that is the proper result here.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

RAPHAEL
J.

7